IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERMAINE KENYATTA COLEMAN**                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:17-cv-133-KS-MTP**

**JOSH STRICKLAND**                                               **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [24]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [24] be granted and that this action be dismissed with prejudice.

On August 2, 2017, Plaintiff Jermaine Kenyatta Coleman, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff asserts a claim against Deputy Sheriff Josh Strickland concerning the excessive use of force. Plaintiff's claim arose while he was housed as a pretrial detainee at the Forrest County Jail in Hattiesburg, Mississippi.[1]

According to Plaintiff, on May 26, 2017, Defendant placed restraints on Plaintiff in order to transport him to his preliminary hearing. After Plaintiff was restrained, Defendant allegedly pushed Plaintiff's face into the wall, slammed him onto the floor, and choked him. Plaintiff alleges that, as a result of the altercation, his knee was hurt and his lip was busted.

As relief, Plaintiff seeks to have the Court "look into" his allegations and have Defendant fired as a sheriff's deputy. Plaintiff also wishes to be released from prison. According to Plaintiff, he is not seeking monetary damages. *See* Omnibus Order [20].

---

[1] Plaintiff is currently incarcerated as a post-conviction inmate in the South Mississippi Correctional Institution ("SMCI").

On April 16, 2018, Defendant filed his Motion for Summary Judgment [24], arguing that the relief requested by Plaintiff may not be granted by this Court.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*.  The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

During his *Spears*[2] hearing, Plaintiff testified that he is not seeking monetary damages but instead requests that the Court (1) "look into" his allegations; (2) have Defendant fired as a sheriff's deputy; and (3) have Plaintiff released from prison. *See* Omnibus Order [20].  In his Motion for Summary Judgment [24], Defendant argues that Plaintiff's claims for relief are moot because Plaintiff is no longer housed at the Forrest County Jail or otherwise unavailable in this action.

The transfer of an inmate from an allegedly offending institution generally renders his claims for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  In order

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

for Plaintiff's claims for injunctive relief to remain viable, he must establish a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to the Forrest County Jail. *Id.*; *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that "any suggestion of relief based on the possibility of transfer back . . . is too speculative to warrant relief"). Nothing in the record suggests that Plaintiff may be transferred back to the Forrest County Jail. Thus, Plaintiff's claims for injunctive relief should be dismissed as moot.

Moreover, Plaintiff's specific requests for relief are unavailable in this action. First, Plaintiff's request that the Court "look into" his allegations cannot be granted. *See Williams v. Natchitoches Police Dep't.*, 2014 WL 462904, at *3 (W.D. La. Sept. 15, 2014) ("the Courts are not investigatory agencies."); *Green v. Revel*, 2010 WL 597827, at *2 (N.D. Tex. Feb. 19, 2010) (noting that a court "is not an investigative body"); *McBride v. Ausbie*, 2014 WL 5032720, at *3 (N.D. Tex. Oct. 8, 2014) ("To the extent Plaintiff seeks to have this Court investigate his claims or institute criminal charges against Defendant, he has failed to state a claim for relief."). Second, Plaintiff's request that the Court have Defendant fired is "unattainable" in a § 1983 action. *See Hurrey v. Unknown TDCJ Corr. Officer*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009) ("the federal courts are not personnel directors of state prison systems, and such relief is unattainable in this action"); *Hood v. Angelle*, 2010 WL 2571348, at *3 (M.D. La Apr. 21, 2010) ("this court will not insinuate itself into the hiring and firing decisions of state employees").

Finally, Plaintiff's request that he be released from prison "is not available by way of a civil rights action." *Kelley v. Lemoines*, 2010 WL 785880, at *1 (W.D. La. Mar. 2, 2010) (citing *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dept. of Crim. Justice Planning*, 37 F.3d 166, 168 (5th Cir. 1994)). "This court cannot grant . . . release from confinement on a § 1983 action, as this relief can only be granted in a habeas action." *Watts v.*

3

*Doggett*, 2006 WL 240578, at *1 (S.D. Miss. Jan. 31, 2006); *see also Huntsberry v. Renteria*, 2011 WL 2135676, at *1 (N.D. Tex. May 25, 2011). Because Plaintiff is not entitled to the relief he has requested, this action should be dismissed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [24] be GRANTED and this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 9th day of August, 2018.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge